IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LOGAN MARTIN ISAAC, | Case No. 6:25-cv-01159-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JAMES IVORY MANNING, JR., SHELLY BOSHART DAVIS, RENEE PERRY, OREGON STATE POLICE, OREGON DEPARTMENT OF JUSTICE, REBECCA MAILE, and JOHN and JANE DOES 1–10, | |
| Defendants. | |

MCSHANE, Judge:

Self-represented Plaintiff, Logan Martin Isaac, seeks leave to proceed *in forma pauperis* ("IFP") in this action against Oregon legislators and law enforcement agencies that allegedly deprived him of his constitutional rights. Before the Court, in addition to Plaintiff's Complaint, is Plaintiff's Application for Leave to Proceed IFP and Plaintiff's Motion for Appointment of Pro Bono Counsel. ECF Nos. 1–3. For the reasons discussed below, Plaintiff's IFP Application is GRANTED and his Motion for Appointment of Pro Bono Counsel is DENIED.

## BACKGROUND[1]

Plaintiff Logan Martin Isaac is a resident of Albany, Oregon and a disabled United States Army veteran. Compl. 2, ECF No. 1. Since 2016, Plaintiff "has dedicated significant time and

---

[1] At this stage, the Court takes all of Plaintiff's allegations as true. *See Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – Opinion and Order

resources to advocating for military civil rights legislation[.]" *Id.* at 3. Plaintiff is understandably concerned about veteran suicide statistics and believes there is a need for civil rights protections for veterans and military families. *Id.* He has discussed military civil rights legislation with members of the Oregon Legislative Assembly and advocated for proposed legislation that would strengthen protections for veterans and their families. *See id.* at 3–8.

On January 27, 2025, Plaintiff visited Representative Davis's office to follow up on the status of one such law. *Id.* at 4. Plaintiff expressed frustration with the delays, commented that "seventeen battle buddies are going to die today," and noted that his "next stop [was] going to be the Oregonian[.]" *Id.* Defendant Perry characterized Plaintiff's statement as a "threat," though Plaintiff alleges that he never made any threat of harm, violence, or unlawful conduct. *Id.* at 4–5. Defendant Perry threatened to call the police, and Defendant Oregon State Police ("OSP") came to the scene, but Perry allegedly told police that "they did not view Plaintiff's conduct as rising to the level of requiring his removal from the premises[.]" *Id.* at 5.

A hearing had been scheduled for the following day, January 28, 2025, on Senate Joint Memorial 1 ("SJM 1"). "SJM 1 urged Congress to conduct public hearings on anti-military bias and improve enforcement of hate-crime protections for military families." *Id.* at 6 (internal quotation marks omitted). But following the January 27th incident, the "scheduled hearing was immediately canceled[.]" *Id.*

On February 7, 2025, Representative Davis issued a letter that banned Plaintiff from her office for one year, citing the January 27th incident. *Id.* at 5.

Two weeks later, on February 21, 2025, Plaintiff asserted his intent to continue his advocacy efforts despite Representative Davis's office ban. *Id.* at 6. Later that day, Legislative Administrator Brett Hanes issued a memo stating that Plaintiff's "visits to the Capitol have caused

2 – Opinion and Order

alarm, disruption and concern," and requiring Plaintiff to give advance notice to OSP and have a mandatory escort when visiting the State Capitol. *Id.* at 7 (internal quotation marks omitted).

One week later, on February 28, 2025, Plaintiff saw Matt Keating, a Senior Policy Advisor to Senator Manning, at a restaurant in Salem, Oregon. *Id.* at 7. Plaintiff filmed himself as he expressed frustration that hearings were not being scheduled for the bills he supported, and Keating stated he was "just waiting for [his] lunch[.]" *Id.* (internal quotation marks omitted). Plaintiff alleges that Senator Manning later admitted that he retaliated by refusing to schedule a hearing for a veterans' protection bill, SB 1057, because "[Keating] was confronted in a restaurant by the bill requestor with a video camera." *Id.* at 8 (internal quotation marks omitted).

Plaintiff filed multiple small claims actions related to these facts, and he alleges that Defendant Maile made misrepresentations and interfered with Plaintiff's ability to obtain discovery for those claims. *Id.* at 8–9.

Together, Plaintiff alleges that these actions amount to a conspiracy retaliating against him for his advocacy and discriminating against him based on his status as a veteran. *Id.* at 9.

## LEGAL STANDARD

This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, pursuant to § 1915(e)(2)(B), the court must screen the complaint to determine whether the plaintiff has raised a cognizable legal claim. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). "[T]he court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

is immune from such relief." § 1915(e)(2)(B). The Court construes pleadings by self-represented plaintiffs liberally and affords the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

### I. Plaintiff's Motion to Proceed IFP

The Court is satisfied by Plaintiff's representation that he is "unable to pay the fees for these proceedings[.]" Application to Proceed In Forma Pauperis 1, ECF No. 2. Plaintiff's Motion to Proceed IFP is GRANTED, and the Court moves on to screen Plaintiff's Complaint for claims that are frivolous or fail to state a claim for relief.

### II. Plaintiff's Complaint

A complaint is frivolous "if it lacks an arguable basis either in law or in fact," and the Court applies the familiar standard under Fed. R. Civ. P. 12(b)(6) when considering Plaintiff's claims. *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, the Court takes as true all allegations of material fact and construes them in the light most favorable to the plaintiff. *Id.* Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112.

Construing Plaintiff's Complaint liberally at this early stage in the proceedings, Plaintiff may have viable, non-frivolous claims against Defendants. But some of Plaintiff's claims do not survive as they are currently pled. First, Plaintiff brings § 1983 Equal Protection claims against the Oregon Department of Justice and Oregon State Police, but state agencies and municipal departments are not amenable to suit under § 1983 because they are not "persons" under the text

4 – Opinion and Order

of that statute. *See, e.g.*, *Mistriel v. Kern Cnty.*, No. 1:02-cv-06922, 2011 WL 864495, at *3 (E.D. Cal. Mar. 10, 2011) (collecting cases); *see also United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). Plaintiff's Fourth Claim for Relief is DISMISSED as to Defendants OSP and DOJ.

Second, Defendant Maile, as Assistant Attorney General, is "absolutely immune for conduct during performance of official duties." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted). That immunity does not extend to actions that are "wholly unrelated to or outside of [the attorney's] official duties," or to ministerial or administrative functions. *Id.*; *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999). Plaintiff challenges representations Maile made in the course of litigation, which were clearly made in the course of her official duties. Defendant Maile is thus immune from suit for the alleged conduct, and Plaintiff's Fifth Claim for Relief is DISMISSED.

Third, Plaintiff seeks to impose municipal liability against Defendants OSP and DOJ under § 1983, alleging official policies or customs of violating Due Process and Equal Protection rights. But Plaintiff alleges nothing that allows the Court to infer that Defendants have any policy or custom of violating individuals' rights. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (holding that an alleged custom or practice claim cannot be based "on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy"). Neither has he alleged that any of the individuals who made these decisions have final policy-making authority. *See Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (listing ways plaintiffs may allege a policy, custom, or practice). Accordingly, Plaintiff's Eighth Claim for Relief is DISMISSED.

Other Defendants may ultimately be subject to various immunities or have acted entirely

lawfully. *See, e.g.*, *Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005) (discussing absolute prosecutorial immunity and qualified immunity); *Burnard v. Giblin*, No. 22-1982, 2024 WL 458640, at *2–4 (D. Or. Feb. 6, 2024) (discussing various immunity doctrines). But with only Plaintiff's Complaint before it, the Court cannot say that Plaintiff could not prove *any* set of facts that would allow liability. Plaintiff's Complaint is not subject to dismissal for being entirely frivolous at this time, so his Application for Leave to Proceed IFP, ECF No. 2, is GRANTED.

### III. Plaintiff's Motion for Appointment of Pro Bono Counsel

Plaintiff asks the Court to appoint pro bono counsel because his claims "requir[e] complex constitutional analysis and extensive discovery from multiple government entities." Mot. Appointment Pro Bono Counsel 1, ECF No. 3.

There is no constitutional right to counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). When an individual proceeds IFP, the Court may request an attorney to represent them only where "exceptional circumstances" are present. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether exceptional circumstances are present, the Court considers both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation and quotation marks omitted).

Here, Plaintiff's claims may be able to succeed, but Plaintiff has demonstrated an ability to clearly state his allegations and allow his claims to be heard on the merits. The Court sees no exceptional circumstances at this stage, so Plaintiff's Motion for Appointment of Counsel is DENIED.

**CONCLUSION**

For the reasons discussed above, Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 2, is GRANTED. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED. If Plaintiff wishes to do so, he may file an amended complaint within 30 days of this Order.

IT IS SO ORDERED.

DATED this 2nd day of September 2025.

                                                    s/Michael J. McShane
                                                       Michael McShane
                                           United States District Judge